IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

FRANK BAPTIST                                                              PLAINTIFF

v.                                    Case No. 4:21-cv-00675 KGB

RODNEY CHANDLER, in his
individual capacity                                                       DEFENDANT

<u>ORDER</u>

Before the Court is defendant Rodney Chandler's motion to dismiss (Dkt. No. 4). Plaintiff
Frank Baptist responded in opposition (Dkt. No. 9). Also before the Court is Mr. Chandler's
motion for protective order (Dkt. No. 12). For the following reasons, the Court denies Mr.
Chandler's motion to dismiss (Dkt. No. 9).

I.      Background

On July 27, 2021, Mr. Baptist filed a complaint against his former manager, Mr. Chandler,
alleging that he was terminated based on his race and denied a name-clearing hearing in violation
of his rights under the United States Constitution and Arkansas Constitution (Dkt. No. 1, ¶ 13).
Mr. Baptist brings this action under 42 U.S.C. § 1983 and Section 105 of the Arkansas Civil Rights
Act ("ACRA") and names Mr. Chandler as a defendant in his individual capacity only (*Id.*).

In his complaint, Mr. Baptist alleges that he is a former employee of Arkansas
Rehabilitation Services ("ARS") (*Id.*, ¶ 3). Mr. Baptist claims that, "he was employed with [ARS]
for years and did a good job, getting good evaluations" (*Id.*, ¶ 4). Mr. Chandler was Mr. Baptist's
manager at ARS (*Id.*, ¶ 2). Mr. Baptist is Caucasian, and Mr. Chandler is African American (*Id.*,
¶ 3).

Mr. Baptist alleges that he was falsely accused of submitting false travel reimbursements
(*Id.*, ¶ 6). Mr. Baptist alleges that he had not submitted false travel reimbursements (*Id.*, ¶ 7).

According to Mr. Baptist, "African American employees had committed falsehoods with regard to travel reimbursement and expenses and were not reported, investigated or fired, even though they were subject to the same policies and procedures, were under the same manager, and he was award [sic] of the conduct" (*Id.*, ¶ 8).

Mr. Baptist alleges that his termination and the reasons for it were made public to the media (*Id.*, ¶ 9). Mr. Baptist alleges that he requested a name clearing hearing in writing and that his request was denied (*Id.*, ¶ 10).

Mr. Baptist further alleges that he was fired on account of his race (*Id.*, ¶ 11). Mr. Baptist alleges that he "observed that his manager [Mr. Chandler] treated African American employees differently and more favorably than Caucasian employees" (*Id.*).

Mr. Baptist sues Mr. Chandler in his individual capacity. Mr. Baptist alleges that, "by virtue of [Mr. Chandler's] conduct," Mr. Baptist has been terminated based on his race and denied a name-clearing hearing "in violation of his rights under the U.S. Constitution and Arkansas Constitution" and has suffered lost wages and benefits, mental and emotional suffering, and harm to his reputation (*Id.* ¶¶ 13, 14). For relief, Mr. Baptist seeks back pay, front pay, compensatory damages, punitive damages, an apology, and a name clearing hearing (*Id.*, at 2).

## II.     Legal Standard

### A.      **Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). Specific facts are not required; the complaint simply must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). However, the complaint must include enough factual information to

"provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Twombly*, 550 U.S. a 555-56; *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). A plaintiff's "obligation to provide the grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citations omitted). "[T]he complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Briehl v. General Motors Corp.*, 172 F.3d 623, 627 (8th Cir. 1999). "When ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

### B. Qualified Immunity

When an official properly and timely files a motion for dismissal or for summary judgment asserting qualified immunity, the official is entitled to a ruling on the issue of qualified immunity. This Court must issue a reviewable ruling—either granting or denying qualified immunity— before requiring the officials to progress further in litigation at the district court. *Payne v. Britten*, 749 F.3d 697, 699 (8th Cir. 2014). The Supreme Court has repeatedly "stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

To prevail at this stage of the proceedings, defendants must show that they are entitled to qualified immunity on the face of the complaint. *Hafley v. Lohman,* 90 F.3d 264, 266 (8th Cir.1996), *cert. denied,* 519 U.S. 1149 (1997); *see also Bradford v. Huckabee*, 394 F.3d 1012, 1015 (8th Cir. 2005). Qualified immunity protects public officials from § 1983 damage actions if "their conduct does not violate clearly established statutory or constitutional rights of which a

reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). Qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law." *Mullenix v. Luna*, ––– U.S. ––––, 136 S. Ct. 305, 308 (2015) (quotation omitted

To defeat a motion to dismiss based on qualified immunity, a plaintiff must "plead[ ] facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (quotation omitted); *see also Dillard v. O'Kelley*, 961 F.3d 1048, 1052 (8th Cir. 2020), *cert. denied*, 141 S. Ct. 1071 (2021).

"A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Id.* (quotation omitted). The Supreme Court "has repeatedly told courts. . . not to define clearly established law at a high level of generality." *Kisela v. Hughes*, ––– U.S. ––––, 138 S. Ct. 1148, 1152 (2018) (quotation omitted). Rather, courts should look for a controlling case or "a robust consensus of cases of persuasive authority." *Al-Kidd*, 563 U.S. at 741-42 (quotation omitted). There need not be a prior case directly on point, but "existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* at 741.

"[T]he better approach to resolving cases in which the defense of qualified immunity is raised is to determine first whether the plaintiff has alleged a deprivation of a constitutional right at all." *County of Sacramento v. Lewis,* 523 U.S. 833, 841 n.5 (1998); *see Domina v. Van Pelt,* 235 F.3d 1091, 1096 (8th Cir. 2000)).

### III.    Analysis

Mr. Chandler moves to dismiss Mr. Baptist's complaint (Dkt. No. 4).  Mr. Chandler argues that, as an initial matter, Mr. Baptist's complaint is "confusing as to the specific facts alleged

against [Mr. Chandler], who is named in his individual capacity" (Dkt. No. 4, ¶ 2).  Mr. Chandler next argues that he is entitled to qualified immunity (Dkt. No. 4, ¶ 3).  Mr. Chandler finally argues that, even without considering qualified immunity, Mr. Baptist's complaint should be dismissed because the complaint is "devoid of facts" to state a claim for relief against Mr. Chandler under any of the asserted causes of action (*Id.*).  Mr. Baptist argues in response that, even if the Court finds his complaint deficient in some respect, he should be granted leave to amend (Dkt. No. 9-1, at 10).

### A.    Federal Rule Of Civil Procedure 12(b)(6)

The Court turns to examine the allegations in the complaint.  Mr. Baptist alleges that Mr. Chandler was his manager and that Mr. Baptist "observed that his manager treated African American employees more favorably than Caucasian employees" (Dkt. No. 1, ¶¶ 2, 11).  In Mr. Baptist's complaint he does not plead any specific facts to support the allegation that Mr. Chandler had any responsibility for Mr. Baptist's termination, that Mr. Chandler was responsible for Mr. Baptist's termination being made public, or that Mr. Chandler was responsible for denying Mr. Baptist a name clearing hearing.  Instead, Mr. Baptist summarily states, "[b]y virtue of Defendant's conduct, [Mr. Baptist] has been terminated based on his race and denied a name-clearing hearing in violation of his rights under the U.S. Constitution and Arkansas Constitution, and therefore bring suit under 42 U.S.C. § 1983 and Section 105 of the ACRA." (*Id.*, ¶ 13).  Then, Mr. Baptist summarily states, "[b]y virtue of Defendant's conduct, Plaintiff has suffered lost wages and benefits, mental and emotional suffering, and harm to his reputation." (*Id.*, ¶ 14).

Further, Mr. Baptist in his complaint does not specify what rights are at issue.  Mr. Baptist alleges that he was terminated "in violation of this [sic] rights under the U.S. Constitution and the Arkansas Constitution" (Dkt. No. 1, ¶ 13).  Mr. Baptist cites no specific constitutional amendment

or statutory right.  Standing alone, § 1983 does not establish any substantive rights.  *Chapman v. Houston Welfare Rights Org.,* 441 U.S. 600, 617 (1979); *see also Henley v. Brown*, 686 F.3d 634, 640 (8th Cir. 2012).  Rather, it simply serves as a vehicle for "vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979).  Accordingly, an underlying constitutional or statutory violation is a predicate to liability under § 1983.

However, not all statutory violations may be remedied through § 1983.  The Supreme Court has recognized two exceptions to the availability of § 1983 as a remedy for vindicating statutory rights.  *Middlesex Cnty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981).  First, the Court has explained § 1983 does not afford a remedy for statutory violations unless the statute creates "rights, privileges, or immunities" within the meaning of § 1983.  *Id.* Second, the Court has stated that "[w]hen the remedial devices provided in a particular [statute] are sufficiently comprehensive, they may suffice to demonstrate congressional intent to preclude the remedy of suits under § 1983."  *Id.* at 20.  In other words, § 1983 does not afford a remedy for statutory violations where "the governing statute provides an exclusive remedy for violation of its terms."  *Pennhurst State Sch. & Hosp. v. Halderman,* 451 U.S. 1, 28 (1981) (internal quotation marks and citation omitted).

The Court determines that Mr. Baptist pleads adequately a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6) but just barely.

### B.    Qualified Immunity

To prevail at this stage of the proceedings, Mr. Chandler must show that he is entitled to qualified immunity on the face of the complaint.  *Hafley,* 90 F.3d at 266; *see also Bradford*, 394 F.3d at 1015.  This Court is counseled that "the better approach to resolving cases in which the

defense of qualified immunity is raised is to determine first whether the plaintiff has alleged a deprivation of a constitutional right at all." *County of Sacramento,* 523 U.S. at 841 n.5. This Court concludes that, on the few facts alleged when those facts are accepted as true and viewed in Mr. Baptist's favor, Mr. Baptist has sufficiently alleged a deprivation of a constitutional right but barely. It is Mr. Chandler's burden at this stage to demonstrate that he is entitled to qualified immunity on the few facts alleged, and he has failed to do so. For this reason, the Court denies qualified immunity at this stage of the proceedings to Mr. Chandler.

### IV.    Conclusion

For these reasons, the Court denies Mr. Chandler's motion to dismiss Mr. Baptist's complaint (Dkt. No. 4). The Court denies Mr. Chandler's motion for protective order based on his pending motion to dismiss based on qualified immunity (Dkt. No. 12).

It is so ordered this 30th day of March, 2022.

_____
Kristine G. Baker
United States District Judge